## STATE vs. GEORGE BROWN.

*Criminal Law—Assault with Intent to Commit Murder—What State Must Prove—Intent—How it May be Proved.*

1. When witness is asked upon cross examination a question, for the purpose of laying the ground for contradiction, counsel on the side of the witness has a right to require that the time, place, circumstances, persons present etc., should be given ; but if he fails to exercise that right then, he cannot, when the contradicting witness is called, object to the question because the ground had not been properly laid. He has waived his right to object.

2. In order to convict the prisoner of the crime of assault with intent to commit murder, the State must prove beyond a reasonable doubt that the alleged assault was committed by the prisoner, that it was committed with intent to murder the person assaulted, and that if the person assaulted had died from the effects of the injuries received the prisoner would have been guilty of murder.

3. How the intent may be proved.

4. What the verdict of the jury may be.

*( October 4, 1905.)*

LORE, C. J. and GRUBB and PENNEWILL, J. J., sitting.

*Robert H. Richards,* Attorney-General, and *Daniel O. Hastings,* Deputy Attorney-General, for the State.

*Woodburn Martin* for the defendant.

Court of General Sessions, Sussex County, October Term, 1905.

ASSAULT WITH INTENT TO COMMIT MURDER (No. 18, October Term, 1905).

At the trial, Columbus Smith, a colored man, the prosecuting witness, testified that about eleven o'clock on the night of September 9, 1905, while on his way to his home in the town of Seaford, as he approached Greenabaum's Grove or Factory, the defendant ran up to him and said "Give me your money" and that he (the prosecuting witness) replied "I will not give it to you," and stepped

back two or three steps; continuing, the witness said: "He said, 'If you don't give me your money I will kill you,' and he saw I was going to get away from him and he pulled his gun (meaning 38-calibre revolver) on me and shot me through my left shoulder, and I was not more than five feet from him when he shot me, and I started to run and he shot at me three more times; the first bullet hit me. I kept on running until I got home. The Doctor was sent for and he came and probed for the bullet and got it out of my shoulder."

The above testimony of the prosecuting witness was corroborated generally by one other eye witness.

*Martin*, for defendant, produced as a witness one Theodore Bell, and asked him the following question, embodying the same subject matter that he had asked the prosecuting witness Smith, without objection being made on the part of the State, and which Smith had denied, viz:

Q. Did Columbus Smith say to you in the jail here recently that he did not know who shot him?

(Objected to by the Attorney-General because the ground for contradiction had not been properly laid; neither time nor persons present nor any of the circumstances being embodied in the question put to Smith, nor in the above question which embodied the substance of the question put to Smith.)

GRUBB, J.:—The usual course when you attempt to ask a witness whether he made a statement is for counsel on behalf of the witness to object that the time and place or other circumstances to identify it are not given, and the objection is generally made before the witness is allowed to answer. If that has not been done by counsel on behalf of the witness, to keep out his answer, the question is, have not the counsel and the witness waived the asking of those questions and if they allow it to go in whether they are not bound by it by their waiver of an objection which they had a right to make? Have you any precedents where the question has been directly ruled upon?

*Mr. Richards:*—I can produce to your Honors untold authority on that point. I have not the same right here in Court, but I will engage to bring your Honors authority in ten minutes in this State and out of the State.

GRUBB, J. :—The question is whether the ground has not been laid, unless you object to the question. There are a number of questions that are not admissible if you object, but if you let them go in, the question is whether you are not bound by it.

LORE, C. J. :—Suppose that the witness does not demand that the time and place be fixed and the counsel on his side does not insist on it, but permits him to answer the question covering the broad ground that he made such a declaration ; you have a right to insist upon it, and witness has a right to insist that counsel on the other side should designate the time, place, circumstances and persons present, but if you do not take advantage of your right, if you do not object, do not demand the fixing of the time and place, persons present and the circumstances, then it is too late to make the objection now.

PENNEWILL, J. :—The majority of the Court hold that the counsel for the State having failed to object to the form of the question at the time that the answer was made thereto by the prosecuting witness, that it is too late now, and overrule the objecttion. I do not think so, and dissent from the majority opinion of Court.

PENNEWILL, J., charging the jury :

Gentlemen of the jury :—George Brown, the prisoner at the bar, is charged in this indictment with having committed, on the 9th day of September last, in Seaford Hundred, in this county, an assault upon one Columbus Smith, the prosecuting witness, with intent to murder the said Smith.

The charge, as you will observe, embraces not only an assault, which is an attempt by force and violence to do injury to another,

with the present ability to carry it into execution,—but it embraces also an intent to commit murder.

In order to convict the prisoner at the bar in manner and form as he stands indicted it is necessary for the State to satisfy you, beyond a reasonable doubt, that the assault was committed by the prisoner, that it was committed with an intent to murder the person assaulted, and that if the person assaulted had died from the effects of the injuries received thereby, the prisoner could have been guilty of murder, either of the first or the second degree.

The intent to commit murder is an essential ingredient of the charge, and it must be proved to your satisfaction, just as any other material fact in the case. It may be proved, however, by direct evidence, such as the declarations of the prisoner made at the time of the shooting, or by circumstantial evidence. It is your duty, therefore, to consider all the facts proved in the case in order to determine whether such an intent to commit murder existed or not; and in determining whether there was such intent, you should consider the words spoken or threats which may have been made by the prisoner at the time of the shooting, the character of the assault, the kind of weapons used, the danger of producing death and the means used to avoid or cause death, and all the acts and conduct of the prisoner, with the circumstances attending them, as shown by the evidence.

If, after a careful consideration of all the testimony in the case, you are not satisfied beyond a reasonable doubt that the prisoner committed the assault alleged, your verdict should be not guilty. But if you believe that he did commit the assault, and are not satisfied that it was his intent to commit murder, your verdict should be not guilty in manner and form as he stands indicted, but guilty of assault only. If, however, you believe and are satisfied that he not only committed the assault alleged, but that it was his intention at the time to murder the person assaulted, your verdict should be guilty in manner and form as he stands indicted.

Verdict, not guilty in manner and form as he stands indicted, but guilty of assault only.